UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAUSAU UNDERWRITERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CMW INTERNATIONAL, LLC, EVERGREEN HOLDINGS INTERNATIONAL, LLC, HARTFORD ACCIDENT AND INDEMNITY COMPANY, and U.S. FIRE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 1:19-cv-4564

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Wausau Underwriters Insurance Company ("Wausau"), by its attorneys, states and alleges as follows:

INTRODUCTION

1. This is an action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, *et seq.*, to determine a real, substantial, and justiciable controversy among the parties concerning their respective rights and obligations under certain insurance contracts in connection with certain underlying claims, as described more fully below.

PARTIES

2. Plaintiff Wausau Underwriters Insurance Company is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts. Wausau has been licensed to do business and is doing business in the State of Indiana.

3. Defendant CMW International, LLC ("CMW International") is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana. CMW International's sole member is Evergreen Holdings International, LLC.

4. Defendant Evergreen Holdings International, LLC ("Evergreen Holdings") is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana. Evergreen Holdings's sole member is CMW Evergreen Management, Inc., which is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana.

5. Defendant Hartford Accident and Indemnity Company ("Hartford") is an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. On information and belief, Hartford has been licensed to do business and is doing business in the State of Indiana. Hartford has an interest in this proceeding pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 20.

6. Defendant U.S. Fire Insurance Company ("U.S. Fire") is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in Morristown, New Jersey. On information and belief, U.S. Fire has been licensed to do business and is doing business in the State of Indiana. U.S. Fire has an interest in this proceeding pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 20.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the present case pursuant to 28 U.S.C. §§ 1332(a) and (c) because this is an action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum and value of $75,000.

8. Venue is properly laid in this District and Division pursuant to 28 U.S.C. §§ 1391(b) and (c).

## INSURANCE CONTRACTS

9. Wausau issued certain liability-insurance contracts to CMW, Inc. for specified policy periods between March 1, 1981, and March 1, 1986 (the "Wausau Policies"). CMW International and Evergreen Holdings (collectively, "CMW") are successors in interest to CMW, Inc. (True and correct copies of the Wausau Policies, as maintained in Wausau's files, are attached as Exhibits A and B.)

10. On information and belief, Hartford issued certain liability-insurance contracts to CMW, Inc. or its successors for specified policy periods between October 15, 2003, and October 15, 2007 (the "Hartford Policies").

11. On information and belief, U.S. Fire issued certain liability-insurance contracts to CMW, Inc. or its predecessors for specified policy periods between March 6, 1978, and March 1, 1981 (the "U.S. Fire Policies").

12. The comprehensive-general-liability insuring agreements of the Wausau Policies provide that:

> *The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of*
> *Coverage A – bodily injury or*
> *Coverage B – property damage*
> *to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.*

(Emphasis supplied.) (Exhibit A at p. 30; Exhibit B at p. 37.)  On information and belief, the Hartford Policies and the U.S. Fire Policies contain substantially similar insuring agreements.

13. The conditions of the Wausau Policies specifying the insured's duties in the event of occurrence, claim, or suit provide, in part, that:

> *The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.*

(Emphasis supplied.) (Exhibit A at p. 8; Exhibit B at p. 9.)  On information and belief, the Hartford Policies and U.S. Fire Policies contain substantially similar conditions.

## UNDERLYING CLAIMS

14. On information and belief, on September 17, 2014, the Indiana Department of Environmental Management ("IDEM") sent a letter to CMW's registered agent titled "Special Notice of Liability."  (A true and correct copy of IDEM's letter, as maintained in Wausau's files, is attached as Exhibit C.)

15. In the Special Notice of Liability letter to CMW, IDEM stated, among other things, that:

> This letter notifies you … of the environmental liability that the former Contact Metals Welding (CMW) and current owner Evergreen Holdings has incurred with regard to the property located at the address currently known as 70 South Gray Street, Indianapolis, IN (herein referred to as the Site).  [IDEM] has determined that a release of hazardous substances at the Site or the threat of such a release exists.  The former Contact Metals Welding is a Responsible Person as defined under Indiana Code (IC) 13-11-2-192.  A Responsible Person is liable for response actions and costs at the Site pursuant to IC 13-25-4-5 and § 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (42 United States Code (U.S.C.) § 9607(a)) (CERCLA).

(Exhibit C at p. 1.)

16. On information and belief, on June 7, 2017, Battery Properties, Inc. ("BPI") filed a lawsuit against CMW captioned *Battery Properties, Inc. v. CMW Int'l, LLC, et al.*, No. 49D02-1706-PL-022673 (later renumbered 49D12-1706-PL-022673), in the Marion Superior Court, Environmental Division.  (A true and correct copy of BPI's complaint [without exhibits], as maintained in Wausau's files, is attached as Exhibit D.)

17. In the "Environmental Legal Action" count of its complaint against CMW, BPI alleged, among other things, that:

> Through its actions and inactions with respect to the contamination at the Site …, CMW caused and/or contributed to the release of hazardous substances (including chlorinated solvents) into the subsurface soil and/or groundwater at and emanating from the Site, which contamination poses a risk to human health and the environment and has been determined by IDEM to require corrective action….
>
> Pursuant to [IC] § 13-30-9-1, *et seq.*, BPI is authorized to bring a cause of action against CMW to recover the costs of investigation and, if necessary, remediation of the chlorinated solvents and the contaminated soil and/or groundwater.

(Exhibit D at p. 10.)

18. The demands made in IDEM's Special Notice of Liability letter and BPI's complaint, as well as any related demands made to CMW, are referred to as the "Underlying Claims."

## DEFENSE OF THE UNDERLYING CLAIMS

19. On October 17, 2014, counsel for BPI informed Wausau, Hartford, U.S. Fire, and other insurers of CMW that environmental contamination potentially existed on property once owned and operated by CMW at 70 South Gray Street in Indianapolis (the "Site").  On February 19, 2015, counsel for BPI sent a further letter to Wausau, Hartford, U.S. Fire, and other

{01786930- }                                                   5

insurers of CMW asserting that each of the insurers had a duty to defend and indemnify CMW in connection with the Underlying Claims. (A true and correct copy of BPI's letter, as maintained in Wausau's files, is attached as Exhibit E.)

20. On September 11, 2015, counsel for CMW informed Wausau, Hartford, U.S. Fire, and other insurers of CMW that the law firm of Ice Miller LLP had been retained to defend CMW with respect to the Underlying Claims. On October 1, 2015, counsel for CMW similarly informed Wausau, Hartford, U.S. Fire, and other insurers of CMW that the consulting firm of EnviroForensics, Inc. ("EFI") had been retained to defend CMW with respect to the Underlying Claims. (True and correct copies of CMW's letters, as maintained in Wausau's files, are attached as Exhibits F and G.)

21. On February 25, 2016, Wausau, Hartford, U.S. Fire, and other insurers of CMW informed attorneys at the Ice Miller firm that "all of the … insurers have agreed to either maintain their status as defending [CMW] without reservation or are agreeing to drop all reservations and defend the … insureds without reservation." The insurers stated that, "[b]ased upon the policies of insurance issued, the insurers have the absolute right to control the defense of these claims, including the right to select counsel and consultants to work with the insured." Consistent with this right, the insurers indicated that they were appointing counsel to defend CMW with respect to the Underlying Claims and would be appointing a consultant in due course. (A true and correct copy of the insurers' letter, as maintained in Wausau's files, is attached as Exhibit H.)

22. Instead of accepting the insurers' appointment of counsel and a consultant to defend the Underlying Claims, CMW filed a lawsuit in this Court against one of the insurers arguing that CMW retained the right to select defense counsel and consultants. *See CMW Int'l,*

*LLC, et al. v. Amerisure Ins. Co.* ("Amerisure"), No. 1:16-cv-01384-TWP-TAB, United States District Court for the Southern District of Indiana, Indianapolis Division (the "Amerisure Action"). (A true and correct copy of CMW's complaint [without exhibits], as obtained through PACER, is attached as Exhibit I.)

23. After filing the Amerisure Action, CMW sought a preliminary injunction to preclude Amerisure from exercising its contractual right to control the defense of the Underlying Claims. In its motion, CMW maintained that Amerisure had waived or should be estopped from asserting its right to appoint defense counsel and consultants. On December 27, 2016, the Court denied CMW's motion, finding that "**CMW has failed to show a reasonable likelihood of success on the merits of its waiver and estoppel claims**" and that "**it is clear that a preliminary injunction is not warranted in this action.**" (Emphasis supplied.) (A true and correct copy the Court's order, as obtained through PACER, is attached as Exhibit J.)

24. In denying CMW's motion, the Court stressed that "**CMW has conceded that general liability policies give insurers the right to control the defense of claims.**" (Emphasis supplied.) (Exhibit J at p. 8.) The Court likewise noted that "**CMW also has conceded that, absent a conflict of interest, an insurer's right to select defense counsel is inherent in the insurer's right to control the defense.**" (Emphasis supplied.) (*Id.* at p. 9.) Moreover, the Court rejected CMW's waiver and estoppel arguments, concluding that "**CMW has not and will not suffer prejudice because Amerisure [and the other insurers have] been paying all defense costs without a reservation of rights.**" (Emphasis supplied.) (*Id.* at p. 12.)

25. After the Court's ruling in the Amerisure Action, CMW settled with Amerisure and certain other insurers. In August 2017, Wausau, Hartford, and U.S. Fire – which had not settled with CMW – reasserted their right to control the defense of the Underlying Claims,

including the right to select defense counsel and consultants.  On August 7, 2017, counsel for CMW once more sought to impede the insurers' exercise of their rights, contending this time that Wausau, Hartford, and U.S. Fire had a conflict of interest because they purportedly "lack[ed] the economic motive to vigorously defend CMW."  (A true and correct copy of CMW's letter, as maintained in Wausau's files, is attached at Exhibit K.)

26. On August 17, 2017, Wausau responded to CMW's counsel and explained that there was no conflict of interest because "the interests of [Wausau] and the other defending insurers remain[ed] fully aligned with CMW's interests."  (A true and correct copy of Wausau's letter, as maintained in Wausau's files, is attached as Exhibit L.)

27. Rather than acknowledge the insurers' contractual rights, CMW asserted that developments with respect to the Site and the Underlying Claims might present an opportunity to resolve its claims for coverage under the Wausau, Hartford, and U.S. Fire Policies.  When that did not come to pass, Wausau, on September 16, 2019, again informed CMW that Wausau was exercising its right to control the defense of the Underlying Claims, including the right to select defense counsel and consultants.  Wausau pointed out that it, Hartford, and U.S Fire "previously retained David Hatchett and Hatchett & Hauck LLP to act as co-defense counsel with [Ice Miller] and likewise retained Ron St. John and St. John-Mittelhauser & Associates to act as oversight consultants with" EFI.  Wausau thus stated that, together with Hartford and U.S. Fire, it was "appointing Mr. Hatchett and Mr. St. John to conduct the defense of the insured from this point forward."  (A true and correct copy of Wausau's letter, as maintained in Wausau's files, is attached as Exhibit M.)

28. As in the past, however, CMW refused to recognize the right of Wausau, Hartford, and U.S. Fire to control the defense of the Underlying Claims.  On September 23, 2019, counsel

for CMW wrote to Wausau, Hartford, and U.S. Fire stating that "CMW does not believe that the insurers have the right to control this Claim," but without providing any reasons for this contention.  (A true and correct copy of CMW's letter, as maintained in Wausau's files, is attached as Exhibit N.)

29. While CMW has admitted in proceedings before this Court that Wausau, Hartford, and U.S. Fire have a contractual right to control the defense of the Underlying Claims, including the right to select defense counsel and consultants, CMW nevertheless has persisted in refusing to allow the insurers to exercise this right.  Wausau, therefore, has been left with no alternative but to seek declaratory relief from this Court.  In so doing, Wausau emphasizes that the defense counsel and consultant it has selected in conjunction with Hartford and U.S. Fire – Mr. Hatchett and Mr. St. John – have been participating in the defense of the Underlying Claims for years, at the expense of Wausau, Hartford, and U.S. Fire.  In addition, Wausau, Hartford, and U.S. Fire have paid, and will continue to pay, the defense billings of Ice Miller and EFI until the transition of the defense to Mr. Hatchett and Mr. St. John is complete, to the extent such billings are not reimbursed through funds CMW received from other insurers.

## COUNT I

30. Wausau realleges and incorporates by reference paragraphs 1 through 29 above as if set forth here in full.

31. This is a cause of action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, *et seq.*, to determine a real, substantial, and justiciable controversy among the parties concerning their respective rights and obligations under the Wausau, Hartford, and U.S. Fire Policies in connection with the Underlying Claims.

WHEREFORE, plaintiff Wausau Underwriters Insurance Company prays that the Court: determine the parties' respective rights and obligations under the Wausau, Hartford, and U.S. Fire Policies in connection with the Underlying Claims; enter judgment declaring that Wausau, Hartford, and U.S. Fire have the right to control the defense of the Underlying Claims, including the right to select defense counsel and consultants; and grant such other and further relief as the Court deems just, equitable, and proper.

DATED: November 14, 2019.               Respectfully submitted,

                                                 Riley Bennett Egloff LLP

/s/ J. Mark McKinzie
J. Mark McKinzie, No. 15024-29
Kevin T. Bennett, No. 34506-49
500 North Meridian Street, Suite 550
Indianapolis, IN 46204
P: 317-636-8000
F: 317-636-8027
mmckinzie@rbelaw.com
kbennett@rbelaw.com

- and -

Larson • King, LLP

/s/ David C. Linder
David C. Linder, No. 0252748
30 East 7th Street, Suite 2800
St. Paul, MN 55101
P: 651-312-6500
F: 651-312-6618
dlinder@larsonking.com

*Attorneys for Plaintiff*
*Wausau Underwriters Insurance Company*

1889460

## INDEX TO EXHIBITS

Exhibit A – Wausau Policy 1924 03 061817 (effective 3/1/1981)

Exhibit B – Wausau Policy 1927 03 061817 (effective 3/1/1984)

Exhibit C – IDEM Letter to CMW (dated 9/17/2014)

Exhibit D – BPI Complaint Against CMW (dated 6/7/2017)

Exhibit E – BPI Letter to Insurers (dated 2/19/2015)

Exhibit F – CMW Letter to Insurers (dated 9/11/2015)

Exhibit G – CMW Letter to Insurers (dated 10/1/2015)

Exhibit H – Insurers Letter to CMW (dated 2/25/2016)

Exhibit I – CMW Complaint Against Amerisure (dated 6/6/2016)

Exhibit J – Order in Amerisure Action (dated 12/27/2016)

Exhibit K – CMW Letter to Insurers (dated 8/7/2017)

Exhibit L – Wausau Letter to CMW (dated 8/17/2017)

Exhibit M – Wausau Letter to CMW (dated 9/16/2019)

Exhibit N – CMW Letter to Insurers (dated 9/23/2019)