UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAUSAU UNDERWRITERS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04564-JPH-MG |
| ) | |
| CMW INTERNATIONAL, LLC, ) | |
| EVERGREEN HOLDINGS ) | |
| INTERNATIONAL, LLC, ) | |
| HARTFORD FIRE INSURANCE ) | |
| COMPANY, ) | |
| U.S. FIRE INSURANCE COMPANY, ) | |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ————————————————) | |
| ) | |
| U.S. FIRE INSURANCE COMPANY, ) | |
| HARTFORD FIRE INSURANCE ) | |
| COMPANY, ) | |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Counter ) | |
| Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| WAUSAU UNDERWRITERS INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Counter ) | |
| Defendant. ) | |
| ————————————————) | |
| ) | |
| U.S. FIRE INSURANCE COMPANY, ) | |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY, ) | |

1

HARTFORD FIRE INSURANCE )
COMPANY, )
)
               Cross Claimants, )
)
          v. )
)
CMW INTERNATIONAL, LLC, )
EVERGREEN HOLDINGS )
INTERNATIONAL, LLC, )
)
          Cross Defendants. )

**ORDER ON STIPULATED JUDGMENT**

Wausau Underwriters Insurance Company brought this case seeking a declaratory judgment that would determine the parties' "rights and obligations under certain insurance contracts in connection with" the litigation of an environmental legal action pending in Indiana state court. Dkt. 1. U.S. Fire Insurance Company, Hartford Fire Insurance Company, and Hartford Casualty Insurance Company filed counterclaims and crossclaims also seeking declaratory judgments regarding the litigation of the state-court action. Dkt. 72; dkt. 75. The parties have resolved the issues in the complaint and cross-complaints filed in this case and have filed a joint motion for entry of a stipulated judgment. Dkt. 95; dkt. 95-1 at 1.

The stipulated judgment would be a court order "embod[ying] the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). That exercise of federal power "must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the pleadings'; and (3) 'further the objectives of the law upon which

the complaint was based.'"  *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

Here, the parties' stipulated judgment satisfies each of the *Local No. 93* factors.  First, this case is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* dkt. 1 at 1–3; 28 U.S.C. § 1332 (diversity jurisdiction).  Second, the stipulated judgment comes within the scope of this case because it resolves the parties' rights and obligations regarding the litigation of the state-court action.  *See* dkt. 1; dkt. 95-1.  Third, the stipulated judgment furthers the objectives of the law on which the complaint is based by accomplishing the purposes of a declaratory judgment in the insurance-policy context.  *See* dkt. 1 at 3–10.

The Court therefore **APPROVES** the stipulated judgment, dkt. 95-1, which the **Clerk shall docket** as an attachment to this order.  Dkt. [95]. Because the Court retains jurisdiction as the parties have agreed, dkt. 95-1 at 6, this case is dismissed without prejudice.  *See Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).  Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 1/17/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

All electronically registered counsel.